THE LAW OFFICES OF

# JEFFREY E. GOLDMAN

260 MADISON AVE., 15TH FLOOR
NEW YORK, NY 10016
(212) 983-8999
Fax (646) 693-2289
Jeff@JGoldmanlaw.com

Upon review of the Parties' respective letters (*see* Docs. 6 and 7), the Court directs the Parties to meet and confer concerning whether Plaintiff intends to amend the Complaint at this time. Upon meeting and conferring, Plaintiff may, by no later than February 6, 2026, either: i) file an Amended Complaint; or ii) file a letter informing the Court that it will not be amending the Complaint.

If Plaintiff amends the Complaint, Defendant shall notify the Court, no later than February 13, 2026, whether he intends to: i) proceed and rely upon the January 16, 2026 pre-motion conference letter (Doc. 6); ii) file an Answer to the Amended Complaint; or iii) file a new pre-motion letter in accordance with the Court's Individual Practices.

Accordingly, the Parties' respective Letter Motions (Docs. 6, 7) are denied without prejudice to renew.

The Clerk of Court is respectfully directed to terminate the letter motions pending at Doc. 6 and Doc. 7.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        January 22, 2026

January 16, 2026

Hon. Philip M. Halpern
United States District Court
300 Quarubas Street, Room 530
White Plains, NY 10601-4150

　　　　Re: Ozone Refrigeration, LLC v. Peter Ochoa
　　　　Case No. 7:25-cv-10768-PMH
　　　　Pre-motion letter for Motion to Dismiss-F.R.C.P

Dear Judge Halpern,

　　Please be advised that I represent the Defendant, Peter Ochoa. Defendant now seeks to file a Rule 12(b)(6) motion to dismiss the Complaint filed by Ozone Refrigeration, LLC ("Ozone"). Defendant's counsel served the First Pre-motion letter on Ozone's counsel on January 8, 2026. Plaintiff's counsel has not responded to Defendant's First Pre-motion letter. Defendant's counsel now files this "Second" Pre-motion letter seeking to file a formal motion to dismiss.

　　Peter worked for Ozone from 2012 to October of 2024 as a refrigeration salesman to grocery stores. Peter is owed unpaid commissions.

## COMPLAINT

　　On October 21, 2025, Ozone filed its Complaint in New York Supreme Court,

1

Rockland County. The Complaint has nine overlapping causes of action with thirteen legal theories. Peter removed the case to the Southern District of New York on December 30, 2025.

## MOTION TO DISMISS

Peter seeks to file a motion to dismiss the Complaint pursuant to Rule 12(b)(6).

1.   The first cause of action of the Complaint for "Breach of Fiduciary Duty/Duty of Loyalty/Faithless Servant" fails to plausibly allege that Peter was working for two companies at the same time. Ozone's loss of a client after Peter left does not create a plausible inference that Peter was working for two companies at the same time. It is also not plausible that while Peter was still employed, he caused two companies to breach their contract as Ozone did not provide any facts, including dates, dollar value of the contracts, documentation, or other facts about Peter's conduct to make this claim plausible.

Ozone's allegation that two clients canceled their contracts at Peter's "direction" is also not plausible. It is not plausible that the clients are taking "direction" from a refrigeration salesman as alleged in the complaint.

The faithless servant doctrine does not apply to these facts as the allegations lack plausible specifics to show any wrongdoing. Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 470 (S.D.N.Y. 2008) ("Poorly described and unsubstantiated incidents of alleged wrongdoing are insufficient as a matter of law

2

to support application of the faithless servant doctrine").

2.    The second cause of action is for defamation and defamation *per se*. The following are the alleged defamatory statements pled in the Complaint: 1. "Ozone had changed its payment policy and is expecting payment upfront in full from its customers." 2. "Ozone's Hussmann coils were inferior to AMF's coils." 3. "Ozone is mishandling rebates for its store owners." 4. "Ozone's Hussman Products went downhill after COVID."

The defamation claim should be dismissed as the statements are substantially true. The statements are protected opinions, rhetorical hyperbole, puffery and the complaint fails to plead special damages or damage to business reputation. "Upfront," "inferior," "mishandling" and "downhill" are vague and conclusory terms lacking specificity and signaling the related comments are pure opinion.

The clients would have understood that these were typical statements by a salesperson. "A reasonable reader would conclude that it was merely a rhetorical flourish intended to convince the recipient to do business with the defendants, not an assertion of fact." Galanos v. Cifone, 84 A.D.3d 865, 867, 923 N.Y.S.2d 600, 602 (2011). Ozone has also failed to plead special damages with particularity or damages to business reputation.

3.    The third cause of action for misappropriation of trade secrets should be dismissed because the Complaint lacks sufficient information or evidence. Ozone

fails to plead any specifics as to how they attempted to keep their information secure. Ozone failed to provide dates and times Peter accessed the database. Ozone failed to plead any of the other six factors used by courts to make a determination at the pleading stage about whether a database is a trade secret. See Universal Processing LLC v. Weile Zhuang, No. 17-CV-10210, 2018 WL 4684115, at *3 (S.D.N.Y. Sept. 28, 2018). A non-public database is not a trade secret simply by virtue of it being "non-public." A list of grocery stores and managers in the New York area is not a trade secret when this information is readily available on Google or ChatGPT. "Court's dismiss claims involving trade secrets where they are not actually secret or there is no discernable economic value from them not being generally known." Garvey v. Face of Beauty LLC, 634 F.Supp.3d 84, 96 (SDNY 2022)

4.    The fourth cause of action for tortious interference is duplicative of Ozone's defamation claim and should likewise be dismissed. Restis v. Am. Coal. Against Nuclear Iran, Inc., 53 F. Supp. 3d 705, 727 (S.D.N.Y. 2014). The complaint fails to plausibly plead that Peter intentionally induced the third parties to breach or otherwise render performance impossible.

5.    The fifth cause of action for "Tortious interference with Prospective Business Relationships and Economic Advantage/Unfair Competition" is duplicative of the defamation claim and should be dismissed along with all other non-defamation tort

claims. <u>Restis</u>, <u>supra</u>. at 726. Additionally, the Complaint fails to plead that Peter acted solely out of malice or used improper or illegal means that amounts to a crime. <u>Id.</u>

6.   The sixth cause of action for conversion should be dismissed. Ozone fails to plead any specific, identifiable fund, or an obligation to return it. And the amount raised is unknown and unknowable. See <u>Kirschner v. Bennett</u>, 648 F. Supp. 2d 525, 540 (S.D.N.Y. 2009).

7.   The seventh cause of action for unjust enrichment is based on recouping Peter's salary which courts reject in NY. <u>L.A.Grika v. McGraw</u>, 55 Misc.3d 1207(A) (2016). This claim is duplicative of the faithless servant doctrine claim and should be dismissed.

8.   The eighth cause of action for an accounting should also be dismissed as it is primarily a remedy and is premised on the tortious interference and breach of fiduciary duty claims sought to be dismissed above.

9. The ninth cause of action for Injurious Falsehood should be dismissed for the same reasons that the defamation claim fails. See <u>O'Brien v. Alexander</u>, 898 F. Supp. 162, 172 (S.D.N.Y. 1995).

**In Conclusion, for the above stated reasons, Defendant seeks dismissal of the Complaint.**

Very truly yours,
/s/ Jeffrey E. Goldman
Jeffrey E. Goldman

5