THE LAW OFFICES

JEFFREY E. GOLD

260 MADISON AVE., 15T

NEW YORK, NY 10

(212) 983-8999

Fax (646) 693-228

Jeff@JGoldmanlaw.c

Application granted. A telephone conference has been scheduled for March 31, 2026 at 10:00 a.m. At the time of the scheduled conference, all parties shall call the following number: (855) 244-8681; access code 2317 236 5283.

The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 11.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        February 20, 2026

February 13, 2026

Hon. Philip M. Halpern
United States District Court
300 Quarubas Street, Room 530
White Plains, NY 10601-4150

Re: Ozone Refrigeration, LLC v. Peter Ochoa
Case No. 7:25-cv-10768-PMH
Pre-motion letter for Motion to Dismiss-F.R.C.P. 12(b)(6)

Dear Judge Halpern,

Please be advised that I represent the Defendant, Peter Ochoa ("Peter"), who now seeks to file a Rule 12(b)(6) motion to dismiss the Amended Complaint filed by Plaintiff Ozone Refrigeration, LLC ("Ozone") on February 6, 2026. The Amended Complaint has seven overlapping causes of action with eleven legal theories.

Peter worked for Ozone from 2012 to October of 2024 as a refrigeration salesman to grocery stores. Peter was required to use his personal cell phone to conduct business. Peter is owed unpaid commissions.

MOTION TO DISMISS

1.  The first cause of action of the Amended Complaint for "Breach of

1

Fiduciary Duty/Duty of Loyalty/Faithless Servant" fails to plausibly allege that Peter was simultaneously working for two companies.[1] Ozone's loss of two clients after Peter left does not create a plausible inference that Peter was working for two companies at the same time. It is also not plausible that while Peter was still employed, he caused two companies to breach their contracts. Ozone did not provide any documentation about Peter working for AMF, or his alleged contacts with Fine Fair or Cornucopia, like emails, text messages, or Slack. Nor does Ozone plead facts to show that Peter was working for AMF prior to October 23, 2025.

Ozone now attaches one "estimate" and one "invoice" to the Amended Complaint claiming that Peter breached his fiduciary duty in regard to these documents, but fails to allege any plausible connection. Paragraphs 26 to 31 of the Amended Complaint detail claims about purported "contracts" entered into with two clients that were breached by the clients. These paragraphs do not mention Peter. Paragraph 34 seeks only to draw an "inference" from the "timing" of Peter's departure and the alleged breach by Fine Fair. AC ¶ 34.

Paragraph 33 pleads in a conclusory manner; "Mr. Ochoa intentionally solicited Fine Fare and Cornucopia to abandon their contractual commitments to Ozone and not to proceed with purchases by communicating false factual statements." The alleged defamatory statements were made on October 23 *after*

---

[1] Paragraph 19 of the Amended Complaint alleges "upon information and belief" Peter was working for AMF.

Peter terminated his employment. AC ¶ 17. Peter could not have breached any fiduciary duty by allegedly uttering these statements because he no longer worked for the Plaintiff on October 23, 2024.

The faithless servant doctrine does not apply to these facts as the allegations lack plausible specifics to show any wrongdoing. Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 470 (S.D.N.Y. 2008) ("Poorly described and unsubstantiated incidents of alleged wrongdoing are insufficient as a matter of law to support application of the faithless servant doctrine").

2.    The second cause of action is for defamation and defamation *per se*. The following comprise the alleged defamatory statements: 1. "Ozone's Hussmann coils were inferior to AMF's coils;" 2. "Ozone's Hussman Products went downhill after COVID;" 3. "Ozone is mishandling rebates for its store owners;" and 4. "Ozone had changed its payment policy and is expecting payment upfront in full from its customers." AC ¶ 20 & 21.

The defamation claims should be dismissed as the statements are substantially true. The statements are also protected opinions, rhetorical hyperbole, and/or puffery. Moreover, the Amended Complaint fails to plead special damages or damage to business reputation.  "Upfront," "inferior," "mishandling" and "downhill" are vague terms lacking specificity and signaling opinion.

The buyers of refrigeration would have understood that these were typical

statements by a salesperson. "A reasonable reader would conclude that it was merely a rhetorical flourish intended to convince the recipient to do business with the defendants, not an assertion of fact." Galanos v. Cifone, 84 A.D.3d 865, 867, 923 N.Y.S.2d 600, 602 (2011). Ozone has also failed to plead special damages with particularity or damages to its business reputation.

3.    The third cause of action for misappropriation of trade secrets should be dismissed because the Amended Complaint lacks sufficient information or evidence. Ozone fails to plead any specifics as to how they attempted to keep their information secure, other than alleging they had a "password-protected QuickBooks account." Exh. 1, AC ¶ 68. Ozone failed to provide dates and times Peter allegedly accessed the database. This information should be easily available using QuickBooks' login records. Ozone failed to plead any of the other six factors used by courts to make a determination at the pleading stage about whether a database is a trade secret. See Universal Processing LLC v. Weile Zhuang, No. 17-CV-10210, 2018 WL 4684115, at *3 (S.D.N.Y. Sept. 28, 2018). A non-public database is not a trade secret simply by virtue of it being "non-public." A list of grocery stores and managers in the New York area is not a trade secret when this information is readily available on Google or ChatGPT. "Courts dismiss claims involving trade secrets where they are not actually secret or there is no discernable economic value from them not being generally known." Garvey v. Face of Beauty

LLC, 634 F.Supp.3d 84, 96 (S.D.N.Y. 2022).

4.    The fourth cause of action for tortious interference is duplicative of Ozone's defamation claim and should likewise be dismissed. Restis v. Am. Coal. Against Nuclear Iran, Inc., 53 F. Supp. 3d 705, 727 (S.D.N.Y. 2014). The Amended Complaint fails to plausibly plead that Peter intentionally induced third parties to breach or otherwise render performance impossible.

5.    The fifth cause of action for tortious interference with prospective business relationships and economic advantage/unfair competition is duplicative of the defamation claim and should be dismissed. Id. at 726. Additionally, the Amended Complaint fails to plead that Peter acted solely out of malice or used improper or illegal means that amounts to a crime. Id.

6.    The sixth cause of action for injurious falsehood should be dismissed for the same reasons that the defamation claim fails. See O'Brien v. Alexander, 898 F. Supp. 162, 172 (S.D.N.Y. 1995).

7.    The seventh cause of action for unjust enrichment is based on recouping Peter's salary, which New York courts reject. L.A.Grika v. McGraw, 55 Misc.3d 1207(A) (2016). This claim is duplicative of the faithless servant doctrine claim.

For the above stated reasons, Defendant seeks dismissal.

Very truly yours,
/s/ Jeffrey E. Goldman
Jeffrey E. Goldman